Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0245 | **DATE** | February 23, 2012 |
| **CASE TITLE** | Jesse Anderson (#N-63545) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied. This action is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. This dismissal is without prejudice to Plaintiff to pursuing his claims in *Anderson v. Cook County of Illinois*, Case No. 11 C 5327 (N.D. Ill.) (Manning, J.) All pending motions are denied as moot.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County, Illinois, Cook County Sheriff Tom Dart, and former Director of the Cook County Department of Corrections, Salvador Godinez, violated Plaintiff's constitutional rights by acting with deliberate indifference to a serious medical need while Plaintiff was confined at the Cook County Jail. More specifically, Plaintiff alleges that he has a fused hip and takes psychotropic medications and consequently he was in need of a low bunk permit. Cook County Jail medical personnel denied him the low bunk permit and he fell out of the top bunk, injuring himself. He further alleges he was denied a chair for the shower which other disabled inmates have been allowed to use. Plaintiff alleges that as a result of the failure of Cook County Jail officials to accommodate him because of his disability, he fell and broke his finger. The finger has never been set correctly, and plaintiff is unable to complete simple daily tasks due to the injury.

Plaintiff's motion for leave to proceed *in forma pauperis* is denied, and this case is dismissed. In addition to filing this case, Plaintiff is pursuing another case in this Court, also assigned to Judge Manning, *Anderson v. Cook County of Illinois*, Case No. 11 C 5327 (N.D. Ill.) (Manning, J.) . In that case, Plaintiff also alleges deliberate indifference to medical care as to Defendants Cook County, Tom Dart Salvador Godinez, and two other Defendants.

In the present case, the facts alleged are identical as to the allegations with regard to deliberate indifference, and it would appear that Plaintiff and the Court would be better served if Plaintiff were to amend his complaint in Case No. 11 C 5327, rather than pursuing identical deliberate indifference claims in a new suit. The Court notes that it does not appear that Plaintiff is attempting to bring unrelated claims against different Defendants, which would be forbidden pursuant to the ruling in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), rather that Plaintiff is merely expanding on the claims he previously raised in Case No. 11 C 5327. The Court

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

further notes that the facts alleged in Plaintiff's proposed complaint are similar enough to those pled in Case No. 11 C 5327, that when this case was accepted as a new case filing by the Clerk, it is possible that Plaintiff intended it as an amended filing in that case. So, while the PLRA, 42 U.S.C. § 1997, *et seq*. requires all incarcerated Plaintiff's to pay the filing fee for all new cases filed, the Court declines to do so in this case, instead interpreting Plaintiff's complaint in this case as a proposed amended complaint in Case No. 11 C 5327. Accordingly, this case is dismissed, and Plaintiff shall not be required to pay the statutory filing fee. Plaintiff is cautioned that the Court's ruling with respect to the filing fee in this case is an exception to the general rule requiring payment for all new cases filed and that he will be required to pay the statutory filing fee for any new cases he should choose to file pursuant to the requirement under the PLRA.

    Dismissal of this action is without prejudice to Plaintiff pursuing his claims in *Anderson v. Cook County of Illinois*, Case No. 11 C 5327 (N.D. Ill.) (Manning, J.) If Plaintiff wishes to amend his complaint in Case No. 11 C 5327 to include more specific allegations relating to his broken finger, he should seek leave to do so in that case. All pending motions in this case are denied. This case is terminated on the Court's docket.